UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                        No. 07-182

JERRY SANCHEZ                                                 SECTION I

## ORDER AND REASONS

Before the Court is a motion to vacate, set aside, or correct a conviction and/or sentence,[1] filed on behalf of defendant, Jerry Sanchez ("Sanchez"). For the following reasons, Sanchez's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On May 21, 2009, Sanchez pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Sanchez also pled guilty to knowingly and intentionally distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) as well as 18 U.S.C. § 2.[2] Sanchez did not file a notice of appeal.

On July 12, 2010, Sanchez filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[3] Such motion indicates that it was signed and dated on July 9, 2010.[4]

---

[1] R. Doc. No. 464.

[2] R. Doc. No. 447.

[3] R. Doc. No. 464.

[4] *Id.*

First, Sanchez alleges that his guilty plea was "unlawfully induced," "not made voluntarily," or was made "without [Sanchez's] understanding of the nature of the charge and the consequences of the plea."[5]  Second, Sanchez asserts that he received ineffective assistance of counsel because his lawyer did not advise him "that there are different types of plea agreements."[6]  Sanchez does not address the timeliness of his motion.

In its response, the government first argues that Sanchez's motion should be dismissed as untimely.[7]  Second, the government asserts that Sanchez's motion should be dismissed because his plea was voluntary and knowing.[8]  Third, the government contends that Sanchez's motion should be dismissed because his lawyer's alleged deficiency fails to implicate a Constitutional right and did not prejudice Sanchez.[9]

## LAW AND ANALYSIS

**I.    Section 2255 Statute of Limitations**

Before reaching the merits of Sanchez's claims, the Court must determine whether Sanchez has complied with § 2255's one-year statute of limitations.[10]  "[W]hen a federal prisoner

---

[5]*Id.* at 5.

[6]*Id.* at 6.

[7]R. Doc. No. 472, pg. 3.

[8]*Id.*

[9]*Id.* at 6.

[10]Section 2255(f) states, in pertinent part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[11]  There is no evidence that Sanchez pursued the direct appeal process. Therefore, to meet the timeliness requirement of § 2255, Sanchez's motion must have been filed within one year of June 5, 2009 (that is, upon the expiration of the ten-day period after entry of judgment, excluding Saturdays, Sundays, and holidays.)   *See* FED. R. APP. PROC. 4(b)(1)(A).  He failed to meet this requirement when he did not file his motion until July 12, 2010.

## II.     Equitable Tolling

Although § 2255's one-year limitations period "is not jurisdictional and, therefore, is subject to equitable tolling," Sanchez offers no argument with respect to why the Court should toll such limitation period. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008).  Equitable tolling is permitted only in rare and exceptional circumstances, and the burden falls to the habeas petitioner to establish that tolling is appropriate. *Id.* at 365.  The petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

---

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[11]An amended version of Federal Rule of Appellate Procedure 4(b)(1)(A) became effective on December 1, 2009.  The December 1, 2009 amendment extended the time allowed for filing a notice of appeal in a criminal case from 10 days to 14 days.  Sanchez pled guilty on May 21, 2009 – more than six months before the December 1, 2009 amendment took effect.  Accordingly, Sanchez's conviction became final at the expiration of the 10-day period for filing a notice of appeal in effect at the time he entered his guilty plea.

his way of timely filing his § 2255 motion." *Id.*  Because Sanchez has not made such a showing, his motion must be denied as untimely.

## *CONCLUSION*

Accordingly,

**IT IS ORDERED** that defendant's motion to vacate, set aside, or correct his conviction and/or sentence is **DENIED** and **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, December __13th__, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**